HARRIS, J.
Ruffins, after being advised that his maximum sentence would be five years, pled no contest to driving under the influence resulting in serious bodily injury. At his plea, the court carefully inquired whether Ruffins freely and voluntarily entered into the plea. At sentencing his scoresheet reflected a maximum sentence of 85.5 months. The trial court advised Ruffins that in contrast with what had been told him at his plea, he was subject to 85 months in jail. The court offered to permit Ruffins to withdraw his plea. Ruf-fins, after privately consulting with his attorney, advised the court that he would stick with his plea. He was sentenced to 80 months incarceration.
Ruffins filed a motion to withdraw plea contending his plea was involuntary because he was misled by his counsel and because he was under the influence of medication at the time the court offered to permit him to withdraw his plea. Ruffins contended that even though his scoresheet reflected 85.5 months, his lawyer advised him that the most he would get would be 68 months. Further, he urges that the jail medical records would have reflected that he was under the influence of medication at the time of his sentencing. The court summarily denied his motion.
The court did not inquire at sentencing whether any promises had been made to Ruffins in order to persuade him to stick with his plea or whether he was then under the influence of medication. Because the record does not refute the fact that Ruffins was under the influence of medication when he gave up his right to withdraw his plea or that his counsel mi-sadvised him of his potential prison term, he is entitled to a hearing on these matters.
REVERSED and REMANDED with instruction to hold a hearing on Ruf-fins’ motion to withdraw his plea.
ANTOON, C.J., and GRIFFIN, J., concur.